| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

CLOVIS PRINCE, §
§
    Appellant, §
§
*versus* § CIVIL ACTION NO. 4:11-CV-657
§
AMERICAN BANK OF TEXAS and §
MICHELLE CHOW, §
§
    Appellees. §

**MEMORANDUM AND ORDER**

Pending before the court is Clovis Prince's ("Prince"), a *pro se* litigant, appeal from the orders of the United States Bankruptcy Court for the Eastern District of Texas sustaining Appellees American Bank of Texas's ("American Bank") and Michelle Chow's (the "Trustee") (collectively the "Appellees") Amended Objections to Debtor/Appellant Prince's Exemptions and denying reconsideration of the same. *See* No. 09-43627 (Bankr. E.D. Tex. July 25, 2011), ECF Nos. 249, 304. Having reviewed the record, the submissions of the parties, and the applicable law, the court is of the opinion that the bankruptcy court's decisions should be affirmed.

I.    Background

In November 2009, Prince filed a petition for relief under Chapter 7 of the Bankruptcy Code. On December 9, 2010, while the bankruptcy proceedings were pending, Prince was convicted of bank fraud, bankruptcy fraud, money laundering, and perjury. On March 9, 2012, Prince was sentenced to thirty years' imprisonment as to count one and ten years' imprisonment as to counts two through fifteen of the indictment to be served concurrently in Case Number 4:09-CR-161 and five years' imprisonment as to counts one through twenty-three of

be served concurrently in Case Number 4:10-CR-47. Further, the court ordered Prince to pay restitution in the amount of $13,640,425.56.

On December 8, 2009, pursuant to Federal Rules of Bankruptcy Procedure 1007 and 4003, Prince filed his Original Bankruptcy Schedules, and on March 8, 2010, he filed his Amended Schedules. ECF Nos. 17, 52. Under Schedule C of his Amended Schedules, Prince claimed exempt property in the amount of $479,802.40, including property located in Murphy, Texas, (the "Murphy property") as homestead and personal property exemptions including two watches, sports memorabilia, and appliances. On March 29, 2011, American Bank and the Trustee filed their Amended Objections to Debtor's Exemptions, ECF Nos. 186, 187, wherein they moved the bankruptcy court to deny Prince's exemptions for: (1) personal property because the value exceeded the aggregate amount of exempted property permitted under Texas Property Code § 42.001(a); (2) his IRA account, sports memorabilia, books, pictures, movies, music, wedding rings, and watches; (3) clothing and 2002 Lexus SC430 to the extent that any amount attributable to the items exceeding his claim exemptions inures to the benefit of the bankruptcy estate; and (4) homestead of the Murphy property or, alternatively, homestead to the extent that the amount of the exemption exceeds $146,450.00.

On May 10, 2011, the bankruptcy court held an evidentiary hearing to rule on the objections raised by Appellees. Prince was incarcerated and, thus, unable to attend the hearing. Although he had criminal stand-by counsel, no one appeared at the hearing to represent him. Marlon Frazier ("Frazier"), the attorney for Prince's common-law wife, Katherine Robinson ("Robinson"),[1] attended the hearing on her behalf and to advance Prince's interest. During the

---

[1] During the hearing, the parties stipulated that Prince and Robinson were married.

hearing, counsel for the Appellees admitted certified copies of Prince's indictments and jury verdict. Counsel admitted a five-minute video recording of Prince's Rule 2004 Examination, which was not included in the record on appeal. In response to questions regarding his homestead and personal property exemptions, Prince invoked his Fifth Amendment right against self-incrimination. Robinson was subpoenaed to testify and to bring documentation regarding the personal property Prince claimed as exemptions. At the hearing, she testified that she was married to Prince, that the Murphy property was her primary place of residence, and that the personal property claimed existed. She did not, however, bring any documentation supporting the existence of this personal property. During their closing statement, Appellees argued that the evidence submitted established that the Murphy property was not Prince and Robinson's homestead or, alternatively, that the exempt value should not exceed $146,450.00 pursuant to 11 U.S.C. § 522(q)(1)(A) & (B)(3). Further, the Appellees contended that there was no evidence submitted by Prince or Robinson supporting the claims for exemption of the personal property identified above.

The bankruptcy court sustained the Appellees' objections on the record, holding: (1) the homestead property exemption is limited to $146,450.00 pursuant to 11 U.S.C. § 522(q)(1)(A) & (B)(3), and (2) the Appellees sustained their burdens of proof that Prince is not entitled to the personal property exemptions. An order reciting these findings was signed on July 25, 2011. Subsequently, Prince filed a motion and second motion for rehearing, which were denied by the bankruptcy court on July 26, 2011, and November 2, 2011, respectively. *See* ECF Nos. 254, 304. This appeal followed.

Prince appeals the bankruptcy court's decision on nineteen grounds, some redundant and others irrelevant to the appeal before the court. Of the nineteen issues asserted in his appeal, the court will review the following: (1) whether the bankruptcy court had jurisdiction to limit the homestead exemption under 11 U.S.C. § 522(q)(1)(A); (2) whether Prince's right to amend his schedules at any time prevented the bankruptcy court from making its ruling; (3) whether the Trustee failed to represent the estate adequately; (4) whether the bankruptcy court improperly assumed that attorney Frazier represented Prince during the evidentiary hearing; (5) whether American Bank failed to provide Prince with proper notice of the hearing and the witness and exhibit lists; (6) whether the bankruptcy court erred in limiting Prince's personal property exemptions; (7) whether the bankruptcy court's order allows for clear appeal; (8) whether Prince's constitutional rights were violated by allowing the Appellees to show video of Prince in jail clothing to the court; and (9) whether the Appellees prejudicially used his invocation of the Fifth Amendment to infer guilt during the hearing. Prince sets forth numerous other grounds on which he is basing his appeal, including issues regarding the sharing agreement between American Bank and the Trustee, the bankruptcy court's lifting or limiting of the automatic stay, the purported illegal seizure of Prince's books and records,[2] and issues regarding allegations of fraudulent transfers. These claims, however, are irrelevant to the narrow issued appealed—the limitation of Prince's exemptions. As a result, they fall outside the scope of the appeal and will not be considered by the court.

---

[2] Prince argues that the Appellees seized books and records that would exculpate him from criminal liability and which should have been turned over to his counsel for use in the criminal case. Irrespective of the fact that Prince fails to support these allegations with actual evidence, this is undoubtedly the improper forum in which to present this issue.

II. Analysis

    A. Bankruptcy Appeal—Jurisdiction and General Standard of Review

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, "other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." *Id*. Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court." *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *accord In re Perry*, 345 F.3d 303, 308-09 (5th Cir. 2003); *In re S. White Transp., Inc.*, 473 B.R. 695, 698 (S.D. Miss. 2012). In reviewing a decision of the bankruptcy court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law. *See Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004); *In re Homeowners Mortg. & Equity, Inc.*, 354 F.3d 372, 375 (5th Cir. 2003); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307-08 (5th Cir. 1985). A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed. *See Wilson v. Huffman (In re Missionary Baptist Found. of Am.)*, 712 F.2d 206, 209 (5th Cir. 1983); *see In re Perry*, 345 F.3d at 309 (quoting *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003)).

5

While Prince attempts to raise nineteen issues on appeal, a review of the record reveals that a number of Prince's arguably relevant contentions were never raised in the bankruptcy court. It is well established in the Fifth Circuit that, in a bankruptcy appeal, a district court cannot consider issues that were not initially presented to the bankruptcy court. *See Barron v. Countryman*, 432 F.3d 590, 594 n.2 (5th Cir. 2005); *Ginther v. Ginther Trusts (In re Ginther Trusts)*, 238 F.3d 686, 689 (5th Cir.), *cert. denied*, 534 U.S. 814 (2001); *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993); *Gilchrist v. Westcott (Matter of Gilchrist)*, 891 F.2d 559, 561 (5th Cir. 1990). "Furthermore, the Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996) (citing *Citizens Nat'l Bank v. Taylor (In re Goff)*, 812 F.2d 931, 933 (5th Cir. 1987)); *accord Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 240-41 (5th Cir. 2010). "To preserve an argument, it 'must be raised to such a degree that the trial court may rule on it.'" *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008) (quoting *In re Fairchild Aircraft Corp.*, 6 F.3d at 1128); *see also Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002). Moreover, "citing cases that may contain a useful argument is simply inadequate to preserve that argument for appeal; 'to be preserved, an argument must be pressed, and not merely intimated.'" *In re Fairchild Aircraft Corp.*, 6 F.3d at 1128 (quoting *Hays v. Sony Corp.*, 847 F.2d 412, 420 (7th Cir. 1988)). Regarding the playing of the video deposition and the Appellees' use of the adverse inferences drawn from Prince's invocation of the Fifth Amendment, Prince did not present these issues to the bankruptcy court. Therefore, he has waived appellate review of these issues.

6

Nevertheless, the court will consider the merits of both issues in light of Prince's *pro se* status and his inability to attend the hearing in person.

    B.    <u>Exemptions</u>

When a petition in bankruptcy is filed and bankruptcy proceedings commence, all property in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541; *In re McLain*, 516 F.3d 301, 312 (5th Cir. 2008); *In re Orso*, 283 F.3d 686, 691 (5th Cir. 2002). To protect the property from creditors, the debtor may then elect to exempt property from the bankruptcy estate under applicable state or federal law. *In re Camp*, 631 F.3d 757, 759-60 (5th Cir. 2011). "Under Federal Rule of Bankruptcy Procedure 4003, a party in interest who disputes an exemption claimed by the debtor must file an objection no later than 30 days after the meeting of creditors." *In re Peres*, 530 F.3d 375, 377 (5th Cir. 2008); *see* FED. R. BANKR. P. 4003.

Determining whether an exemption from the bankruptcy estate exists is a question of law which is reviewed *de novo*. *See In re Zibman*, 268 F.3d 298, 301 (5th Cir. 2001) (citing *England v. FDIC (In re England)*, 975 F.2d 1168, 1172 (5th Cir. 1992)); *see also In re Fiffy*, 293 B.R. 550, 554 (B.A.P. 1st Cir. 2003). If the character of the exemption, however, involves a finding of fact by the bankruptcy court, then the findings of fact are reviewed under the clearly erroneous standard. *See In re Homeowners Mortg. & Equity, Inc.*, 354 F.3d at 375.

    C.    <u>Application of 11 U.S.C. § 522(q)(1)(A)</u>

Section 522, United States Code, Title 11, permits a bankruptcy debtor to exempt certain property from the estate, but provides that

> (1) . . . a debtor may not exempt any amount of an interest in [certain property, including real or personal property that the debtor or a dependent of the debtor uses as a residence] which exceeds in the aggregate $146,450 if—
>
>> (A) the court determines, after notice and a hearing, that the debtor has been convicted of a felony (as defined in section 3156 of title 18), which under the circumstances, demonstrates that the filing of the case was an abuse of the provisions of this title . . . .

11 U.S.C. § 522(q)(1)(A). In sum, subsection (q) limits the amount a debtor may exempt for his or her homestead if the debtor has been convicted of a felony demonstrating that the filing for bankruptcy was an abuse of the provisions of Title 11.

After notice[3] and a hearing on May 10, 2011, the bankruptcy court held that Prince's guilty verdicts in the two criminal cases, specifically the perjury and bankruptcy fraud charges, demonstrated that his filing was an abuse of the bankruptcy provisions and limited his homestead exemption to $146,450.00. In his original brief, Prince contends that the court erred by finding that there had been a conviction because Prince had not yet been sentenced at the time of the ruling. He relies on numerous cases holding that a conviction occurs when a defendant is sentenced and a "final judgment" is entered. The Appellees maintain that Prince's argument has been rendered moot, as he was sentenced shortly after the appeal was taken. In Prince's reply, he attempts a different tactic and claims that his conviction is not final because he has appealed the conviction to the United States Court of Appeals for the Fifth Circuit. In support, Prince cites cases that discuss the finality of convictions for the impeachment of witnesses under Texas Rule of Evidence 609 and the doctrine of abatement *ab initio*. Prince's reliance on these cases is misplaced.

---

[3] The court will discuss the issue of notice in Section G *infra*.

Although the bankruptcy provisions do not define "conviction," *Black's Law Dictionary* defines a conviction as "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty" or "[t]he judgment (as by jury verdict) that a person is guilty of a crime." BLACK'S LAW DICTIONARY 358 (8th ed. 2004). In addition, courts have held that a finding of guilt is considered a "conviction" under 18 U.S.C. § 922(g), the felon in possession of a firearm offense. *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 112 & n.6 (1983), *superseded by statute on other grounds*, Firearms Owners' Protection Act, P.L. 99-308, § 101, 100 Stat. 449, 449-51 (1986) (noting that a guilty plea alone may be enough to constitute a conviction because "'[l]ike a verdict of a jury[,] it is conclusive'") (quoting *Kercheval v. United States*, 274 U.S. 220, 223 (1927)); *United States v. Sample*, 136 F.3d 562, 564 (8th Cir. 1998) (holding that defendant's guilty plea constituted a conviction under § 922(g)). Prior to the evidentiary hearing in the bankruptcy case, a jury returned a verdict of guilty against Prince on multiple counts of perjury, bank fraud, bankruptcy fraud, and money laundering. Prince was sentenced on March 9, 2012, and final judgment was entered on March 14, 2012. Therefore, to the extent § 522(q)(1)(A) requires a sentence to be imposed and final judgment entered, as Prince argues in his original brief to this court, the issue is moot.

Moreover, the cases put forth by Prince in his reply brief are inapposite. First, Texas Rule of Evidence 609 expressly states that a conviction cannot be used for impeachment purposes if an appeal is pending, see TEX. R. EVID. 609, whereas the language of § 522(q)(A)(1) is silent on this point. Furthermore, Prince's reliance on *United States v. Estate of Parsons*, 367 F.3d 409, 413 (5th Cir. 2004), is misplaced. In *Estate of Parsons*, the court discusses the doctrine of abatement *ab initio*, which relates to the death of a criminal defendant pending an appeal. *See id.*

9

Accordingly, Prince's appeal on the basis that he has not yet been convicted for purposes of § 522(q)(1)(A) must be denied.

D.  Right to Amend Schedules

Prince also asserts that the court's order sustaining the Appellees' objections was premature because he has a right, under Federal Rule of Bankruptcy Procedure 1009, to amend his schedules at any time prior to discharge. Prince maintains that he intended to amend the exemptions listed in Schedule C and, thus, the bankruptcy court order must be vacated. Prince did, in fact, amend his schedules once prior to the evidentiary hearing. The bankruptcy court issued its ruling over a year after the amended schedules were filed. Although Prince has a right to amend, with proper notice, until the case is closed, *see* FED. R. BANKR. P. 1009, the bankruptcy rules expressly allow a creditor or trustee to file objections to the claimed exemptions. *See* FED. R. BANKR. P. 4003(b). To accept Prince's argument would lead the process of amending and objecting to continue *ad infinitum*, preventing a creditor or a trustee from receiving a final order on the merits of the claimed exemptions. Thus, Prince's contention is unavailing. Prince may, however, amend his schedules to the extent they do not contravene the bankruptcy court's ruling.

E.  Trustee's Representation of the Estate

Prince next claims that the Trustee has "teamed with" American Bank, an adverse party, under a sharing agreement and American Bank is improperly carrying out the Trustee's duties under 11 U.S.C. §§ 323 and 327. This argument is without merit. American Bank does not have the authority to administer, manage, or dispose of property belonging to the bankruptcy estate. The sharing agreement entered by the bankruptcy court, which is not the subject of this appeal, allows American Bank to recover a greater share of assets recovered than other creditors due to

its expenditure of legal fees to identify and recover Prince's assets. *See* ECF No. 155. Accordingly, Prince's averments that the Trustee has failed to represent the estate adequately are baseless.

F. Attorney Frazier's Representation

Prince next asserts that the bankruptcy court erroneously assumed that Frazier was representing him on this matter. The transcript of the hearing, however, reveals that Frazier attended the proceeding "on behalf of [K]atherine Robinson individually and as a representative of the Clovis L. Prince, Tameka Prince, and [K]atherine Robinson Trust." Not once during the hearing does Frazier state that he represents Prince. Although Frazier was defending or asserting a similar interest as Prince's, it was clearly on behalf of Robinson. Further, all filings in the bankruptcy proceedings, including the objections filed by the Appellees, were sent to Prince at the Fannin County Jail and his residence in Murphy, Texas, which is supported by the submitted certified mail receipts. Thus, the record belies Prince's contentions.

G. Notice of Hearing and Exhibit and Witness Lists

Prince maintains that he did not receive proper notice or the witness and exhibit lists prior to the hearing on the exemptions. American Bank, however, submitted certified mail receipts showing that the exhibit and witness lists, which designated Prince and Robinson as witnesses, were sent to Prince at the Fannin County Jail and his residence in Murphy, Texas, on May 5, 2011. ECF No. 217. In addition, the evidentiary hearing was continued several times prior to May 2011, and American Bank had previously filed a witness and exhibit list naming Prince as a witness. *See* ECF No. 128. Prince was aware of Robinson's participation in the hearing because her multiple requests for continuances resulted in the hearing being set for May. Thus,

Prince had prior notice of the possible witnesses. Furthermore, the hearing was set pursuant to an order on March 24, 2011, and the Certificate of Mailing (ECF No. 184) confirmed that Prince received the order. Thus, the court finds that Prince had proper notice of the date of the hearing and the evidence and witnesses that would be presented to the court.

### H.   Personal Property Exemptions

Next, Prince argues that the bankruptcy order was erroneous because he is entitled to exemptions for one vehicle, clothing, and household fixtures. The bankruptcy court's order, however, allowed Prince an exemption for his vehicle and household property, while sustaining the Appellees' objections "to the extent that any amount attributable to the [property] exceeding Debtor's claimed exemption inures to the benefit of the Bankruptcy Estate." Thus, the bankruptcy court did not rule that an exemption for these items was invalid. Rather, the order merely limited the exemptions to the amount permitted under the applicable statutes. Therefore, reversal is not warranted on this ground.

### I.   Bankruptcy Order

Prince also challenges the bankruptcy court's order as ambiguous and claims that it does not allow for a clear appeal because there were multiple orders relating to the exemptions. The bankruptcy court's order sustaining the Appellees' objections was issued on July 25, 2011. Thereafter, the bankruptcy judge denied Prince's first motion for a rehearing relating to the exemptions without prejudice for failure to comply with the Local Rules of Bankruptcy Procedure. After Prince filed a second motion for rehearing, the bankruptcy court denied the motion on November 2, 2011. Prince's Notice of Appeal (ECF No. 6) states that he is appealing the bankruptcy court's July 25, 2011, order sustaining the Appellees' objections to his exemptions,

which he attached to the notice. Although the court denied Prince's two motions for reconsideration, it did so without supplementing the basis for its original holding. Therefore, Prince had access to the orders underlying this appeal, and the court finds that the bankruptcy court's orders are not ambiguous.

    J.        Jail Uniform During Video Deposition

Next, Prince seeks relief on appeal contending that the use of a video deposition before the court in which Prince wore his prison uniform violated his constitutional right to due process. According to Prince's brief, prior to the Rule 2004 Examination of Prince, which took place at the Fannin County Jail, Prince's criminal stand-by attorney objected to the taking of the video deposition of Prince in jail clothing under *Estelle v. Williams*, 425 U.S. 501 (1976). Prince, however, did not object to the use of the video deposition at the hearing and, thus, the issue is waived. Nonetheless, the objection was made to prevent the video from unduly prejudicing Prince in front of a jury. Because the court, not a jury, was the fact-finder here, there was less, if any, danger of prejudice, and the playing of the video did not controvert the purpose of the objection lodged by Prince's criminal counsel.

    K.        Fifth Amendment Inference

Finally, Prince argues that the Appellees' use of his Fifth Amendment privilege as an inference of guilt was an abuse of the bankruptcy court's discretion and violated his due process rights. In response, American Bank maintains that the court did not err in drawing a negative inference from Prince's assertion of his Fifth Amendment privilege. First, Prince failed to object to American Bank's statements during its closing argument that an adverse inference could be drawn. Second, there is nothing in the record indicating that the court considered or applied the

adverse inference in sustaining the objections. In any event, it is well settled that an adverse inference may be drawn in a civil case when a party asserts his Fifth Amendment privilege. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them . . . ."); *In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 1017 (S.D. Tex. 2010); *United States ex rel. Gonzalez v. Fresenius Med. Care N.A.*, 571 F. Supp. 2d 758, 764 (W.D. Tex. 2008) ("'[I]t is not unconstitutional to force civil defendants to choose between the negative inference drawn from their silence in a civil case and their Fifth Amendment privilege.'") (quoting *United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-CV-4105-JPG, 2006 WL 1064072, at *4 (S.D. Ill. Apr. 21, 2006)). Thus, Prince's appeal on this ground fails.

III. Conclusion

Based on the foregoing analysis, the orders of the United States Bankruptcy Court for the Eastern District of Texas sustaining Appellees American Bank of Texas's and Michelle Chow's Amended Objections to Debtor/Appellant Clovis Prince's Exemptions are AFFIRMED.

SIGNED at Beaumont, Texas, this 6th day of September, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE